IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVE WYNN,

Plaintiff,

v.

NACCO MATERIALS HANDLING
GROUP, INC., d/b/a YALE MATERIALS
HANDLING CORPORATION and
YALE MATERIALS HANDLING
GAMMON, INC.,

Defendant.                                          No. 09-CV-486-DRH

## ORDER

**HERNDON, Chief Judge:**

The instant matter is raised *sua sponte* as part of the Court's independent obligation to assure itself of jurisdiction over the parties' controversy. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." **Ex parte McCardle, 7 Wall. 506, 514 19 L. Ed. 264 (1868); Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94 (1998)**. In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. **See Kreuger v. Cartwright, 996 F.2d 928, 930-31 (7th Cir. 1993); Kanzelberger v. Kanzelberger, 782 F.2d 774, 777 (7th Cir. 1986)**.

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**. "When the parties allege residence but not citizenship, the [district] court must dismiss the suit." ***Guaranty Nat. Title Co. v. J.E.G. Associates*, 101 F.3d 57, 59 (7th Cir.1996)**. Finally, 28 U.S.C. § 1332 requires that the amount in controversy exceeds $75,000 exclusive of interest and costs.

In the Complaint, Plaintiff alleges that diversity jurisdiction exists and that he is "a citizen and resident of Illinois." Doc. 2, p. 1). However, regarding Defendants, Plaintiff merely pleads that "defendants are residents of a state other than Illinois" and that they are "foreign corporations." (Doc. 2, p. 1-2). Even taken together those allegations are insufficient to establish diversity of citizenship. The Court acknowledges that the civil cover sheet does indicate that Plaintiff and Defendants are citizens of different states, but that, too, will not suffice. The allegations concerning the amount in controversy are also insufficient. The Complaint's *ad damnum* clause does seek damages "in excess of $75,000 plus costs," (Doc. 2), but it does not state whether that amount in controversy is exclusive of costs <u>and</u> interest.

Allegations of citizenship and the amount in controversy, clearly demonstrating complete diversity, must be made in the pleadings. Thus, Plaintiff is **DIRECTED TO FILE AN AMENDED COMPLAINT** on or before **July 15, 2009** properly alleging the citizenship of the parties and the jurisdictional amount in controversy. If Plaintiff does not timely file an Amended Complaint containing such allegations or fails to request an extension of time within the time period allowed by this Order, the case will be dismissed, without prejudice.

**IT IS SO ORDERED.**

Signed this 30 th day of June, 2009.

/s/     *DavidRHerndon*
**Chief Judge**
**United States District**